## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SCOTT AND ANDREA MAINS**<br>3701 Timberlane Drive<br>Easton, PA 18045-5748,<br>　　　**Plaintiffs**<br>　v.<br><br>**THE SHERWIN-WILLIAMS COMPANY,**<br>doing business as The Thompson's Company,<br>101 W. Prospect Avenue<br>Cleveland, OH 44115,<br>　　　**Defendant** | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, Scott and Andrea Mains, by and through undersigned counsel, hereby demands judgment against Defendant, and complains against them as follows:

## PARTIES

1. Plaintiffs, Scott and Andrea Mains (hereinafter "Plaintiffs") were, at all times relevant hereto, adult individuals and Pennsylvania citizens who were the owners and occupants of the residential property located at 3701 Timberlane Drive in Easton, Pennsylvania (hereinafter the "subject property").

2. At all times relevant hereto, Defendant, The Sherwin-Williams Company (hereinafter "Sherwin-Williams") was and is, upon information and belief, an Ohio corporation with its primary place of business at the above-captioned address, and was authorized to do business within the Commonwealth of Pennsylvania. Upon information and belief, Sherwin-Williams is in the business of, *inter alia*, designing, formulating, manufacturing, testing,

packaging, labeling, marketing, selling, and/or distributing stains and surface preparation products such as, *inter alia*, Thompson's WaterSeal Penetrating Timber Oil. Upon further information and belief, Defendant Sherwin-Williams undertakes a significant amount of money selling, distributing and/or marketing stains and surface preparation products such as, *inter alia*, Thompson's WaterSeal Penetrating Timber Oil in Pennsylvania.

## JURISDICTION AND VENUE

3. Jurisdiction is based on 28 U.S.C §1332(a)(1) as this action involves a controversy between citizens of different states; namely, Plaintiffs being citizens and residents of the Commonwealth of Pennsylvania and Defendant being a corporation organized, existing and headquartered within the State of Ohio. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

4. Venue is proper in this district based on 28 U.S.C §1391(a) because the events giving rise to this claim occurred within this district, specifically in Northampton County, Pennsylvania.

## FACTUAL BACKGROUND

5. On or prior to June 8, 2019, Plaintiffs purchased for use at the subject property, one or more containers of Thompson's WaterSeal Penetrating Timber Oil (hereinafter "the subject stain product"), a product designed, formulated, manufactured, tested, packaged, labeled, marketed, sold and/or distributed, by Defendant.

6. On or about June 8, 2019, Mr. Mains applied the subject stain product to his deck at the subject property.

7. When he finished his work on the day of August 26, 2018, he placed application materials containing and/or saturated with such product onto the lawn next to the deck.

8. Later that same day, a fire erupted at the subject property.

9. The fire resulted in extensive damage to Plaintiffs' real and personal property, as well as, the imposition of additional expenses and hardship.

10. The fire was directly and proximately caused by the spontaneous combustion of the application materials containing and/or saturated with the subject stain product as further and more fully described below.

11. As a direct and proximate result, Plaintiffs sustained the damages described herein in an amount in excess of $75,000.00.

## COUNT I – STRICT LIABILITY

12. Plaintiffs incorporate herein by reference the foregoing paragraphs as though same were fully set forth at length.

13. At all relevant times hereto, Sherwin-Williams was engaged in the business of designing, formulating, manufacturing, testing, packaging, labeling, marketing, selling and/or distributing the subject stain product.

14. The subject stain product as designed, formulated, manufactured, tested, packaged, labeled, marketed, sold and/or distributed by Sherwin-Williams reached Plaintiffs, upon information and belief, without any material change in condition or design.

15. Plaintiffs were the intended users/consumers of the subject stain product.

16. The subject stain product was defective and unreasonably dangerous, and/or hazardous in design and manufacture, as it lacked conspicuous, proper and adequate warnings,

instructions and/or advice as to how to properly use, handle, dispose of and store application materials containing and/or saturated with the subject stain product.

17. Further, the subject stain product was defective and unreasonably dangerous for the ordinary and intended use of the product in the following detailed and particular aspects:

(a) Failed to properly and safely eliminate the avoidable danger of self-heating and/or spontaneous combustion;

(b) Had the dangerous and hazardous propensity of self-heating and/or spontaneous combustion if materials used in the application of the product were not properly disposed of and/or discarded;

(c) Failed to adequately warn Plaintiffs and other consumers or users that the subject stain product and byproducts thereof were susceptible to self-heating and spontaneous combustion;

(d) Failed to provide Plaintiffs and other consumers or users of the subject stain product with adequate information, instructions or warnings concerning the safe disposal and/or storage of materials exposed to or saturated with the product and byproducts;

(e) Failed to provide Plaintiffs and other consumers or users of the subject stain product with adequate and conspicuous warnings concerning the safe disposal and/or storage of materials exposed to or saturated with the product and byproducts of the subject stain product;

(f) Located any inconspicuous and inadequate warnings or instructions as to such issues in a location that would be foreseeably affected or clouded from view by the product itself; and/or

(g) Additionally or alternatively failed to conform the subject stain product labeling to prevailing and safe industry and/or governmental specifications and standards.

18. The design, formulation, manufacturing, testing, packaging, labeling, marketing, sale, and/or distribution of the subject stain product with the aforementioned defects and/or inadequacies made the subject stain product defective and unreasonably dangerous for its intended use.

19. At all times material hereto, the subject stain product was used for the purpose and in the manner intended and/or reasonably expected or foreseeable by Sherwin-Williams.

20. The aforementioned defects or defective conditions existed at the time the subject stain product left the possession and/or control of Sherwin Williams.

21. The defective and dangerous conditions of the subject product stain proximately caused a fire to occur at the subject property, which resulted in damages to Plaintiffs.

22. Therefore, Sherwin-Williams is strictly liable to Plaintiffs under Section 402A of the Restatement (2d) of Torts, and/or the applicable law of the Commonwealth of Pennsylvania.

23. As a direct and proximate result, Plaintiffs sustained and incurred damage to their property and the imposition of additional expenses in an amount in excess of $75,000.00.

24. As a direct and proximate result, Plaintiffs suffered inconvenience, discomfort and the loss of the use and enjoyment of their property.

**WHEREFORE**, Plaintiffs demands judgment in their favor and against Defendant Sherwin-Williams in an amount in excess of $75,000.00, plus interest, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT II – NEGLIGENCE

25. Plaintiffs incorporate herein by reference the foregoing paragraphs as though same were fully set forth at length.

26. Sherwin-Williams had a duty to exercise reasonable care in the design, formulation, manufacture, testing, packaging, labeling, sale and/or distribution, of the subject stain product, including a duty to ensure that the product did not expose users or consumers, such

as Plaintiffs, to an unreasonable risk of harm and/or danger and that any unreasonable hazard and/or danger associated with the product was properly and adequately warned against.

27. Sherwin-Williams owed Plaintiffs and other users or consumers of the subject stain product a duty to act with reasonable care in the in the design, formulation, manufacture, testing, packaging, labeling, sale and/or distribution, of the subject stain product to provide a reasonably safe product and eliminate avoidable dangers, such as the unreasonably dangerous and hazardous propensity for self-heating and/or spontaneous combustion.

28. Sherwin-Williams also owed Plaintiffs and other users and consumers of the subject stain product a duty to provide adequate warnings and/or instruction concerning safe disposal and/or storage of materials exposed to or affected by the subject stain product, including byproducts thereof, produced during ordinary and intended use.

29. Sherwin-Williams breached its duties of care to Plaintiffs and was negligent in:

   (a) failing to eliminate the avoidable danger of self-heating and/or spontaneous combustion;

   (b) failing to offer consumers, such as Plaintiffs, a less-hazardously designed and/or formulated product that would perform comparably to the actual product sold without its inherent damages (including its propensity to self-heat / spontaneously combust);

   (c) failing to adequately warn Plaintiffs and other consumers or users that the subject stain product and byproducts thereof were susceptible to self-heating and spontaneous combustion;

   (d) failing to provide Plaintiffs and other consumers or users of the subject stain product with adequate information, instructions or warnings concerning the safe disposal and/or storage of materials exposed to or affected by the product and byproducts; and/or

   (e) failing to provide Plaintiffs and other consumers or users of the subject stain product with adequate and conspicuous warnings concerning the safe disposal and/or storage of materials exposed to or affected by the product and byproducts of the subject stain product, when it knew or should have

known dangerous and/or hazardous propensity of the subject stain product for the self-heating and/or spontaneous combustion and the safe disposal and/or storage of materials exposed to or affected by the product and byproducts.

(f) failing to locate any warnings or instructions as to the above hazards in a manner that would not be affected, impacted, or clouded by the use of the product itself

(g) failing to conform the subject stain product's labeling, warnings and instructions to the foreseeable use and/or foreseeable misuse or conduct of its customers

(h) additionally or alternatively failing to perform the above measures in conformity with prevailing and safe industry and/or governmental specifications and standards;

(i) failing to retain, employ, and/or contract with adequate and proper individuals to undertake the measures set forth in the subparagraphs above;

(j) failing to properly train the individuals who were retained, employed or contracted with to undertake the measures set forth in the subparagraphs above; and/or

(k) failing to provide, establish, and/or follow proper and adequate controls so as to avoid the problems enumerated in the subparagraphs above.

30. Sherwin-Williams owed Plaintiffs a number of duties and breached said duties.

31. As a direct and proximate result of the aforementioned negligence and carelessness of Sherwin-Williams, a fire occurred and Plaintiffs sustained and incurred damage to their property and the imposition of additional expenses in an amount in excess of $75,000.00.

32. As a direct and proximate result of the negligence and carelessness of Sherwin-Williams, Plaintiffs suffered inconvenience, discomfort and the loss of the use and enjoyment of their property.

**WHEREFORE**, Plaintiffs demands judgment in their favor and against Sherwin-Williams in an amount in excess of $75,000.00, plus interest, delay damages, and such other relief as the Court deems appropriate under the circumstances.

### COUNT III - BREACH OF IMPLIED WARRANTY

33. Plaintiffs incorporate herein by reference the foregoing paragraphs as though same were fully set forth at length.

34. At the time Sherwin-Williams designed, formulated, manufactured, tested, packaged, labeled, marketed, sold, and/or distributed the subject stain product, Sherwin-Williams knew of the use for which the product was intended, and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

35. Contrary to such implied warranties, the subject stain product was not of merchantable quality and fit and safe for its intended use because it was defective as noted at length above.

36. Sherwin-Williams breached its implied warranty of merchantability as set out in 13 Pa. C. S. A. § 2314 and the common law of the Commonwealth of Pennsylvania in that the product was not fit for the ordinary uses for which the product was used, as noted herein and above.

37. At the Plaintiffs' home, the subject stain product functioned improperly in the absence of abnormal use and reasonable secondary causes.

38. Plaintiffs' damages occurred as a direct and proximate result of Sherwin-Williams's breach of its implied warranty of merchantability as set out in 13 Pa. C. S. A. § 2314 and the common law of the Commonwealth of Pennsylvania.

40. As a natural and foreseeable consequence of this breach, the fire occurred at the subject property, which resulted in Plaintiffs' damages.

41. As a direct and proximate result of the aforementioned breach, Plaintiffs sustained and incurred damage to their property and the imposition of additional expenses in an amount in excess of $75,000.00.

42. As a direct and proximate result of the aforementioned breach, Plaintiffs suffered inconvenience, discomfort and the loss of the use and enjoyment of their property.

**WHEREFORE**, Plaintiffs demands judgment in their favor and against Defendant Sherwin-Williams in an amount in excess of $75,000.00, plus interest, delay damages, and such other relief as the Court deems appropriate under the circumstances.

Dated: 1\6\20

de Luca Levine LLC

BY: *(signature)*
Kenneth T. Levine (PA ID No. 60984)
klevine@delucalevine.com
Three Valley Square, Suite 220
Blue Bell, PA 19422
(215) 383-0081 / (215) 383-0082 (fax)
ATTORNEYS FOR PLAINTIFFS

**JURY DEMAND**

Plaintiffs demands a trial by jury on all issues triable by right to jury.

BY: *(signature)*
Kenneth T. Levine, Esquire

JS 44 (Rev 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SCOTT AND ANDREA MAINS

**(b)** County of Residence of First Listed Plaintiff  NORTHAMPTON, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kenneth T. Levine, Esquire
de Luca Levine, LLC
Three Valley Square, Suite 220, Blue Bell, PA 19422
(215)383-0081

## DEFENDANTS
THE SHERMAN-WILLIAMS COMPANY, doing business as, THE THOMPSON'S COMPANY

County of Residence of First Listed Defendant  CUYAHOGA, OH
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** |  | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☒ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |  | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
|  |  |  | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332

Brief description of cause:
Civil suit for damages caused to a residence due to ignited product material

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 75,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY *(See instructions)*:
JUDGE
DOCKET NUMBER

DATE 01/06/2020
SIGNATURE OF ATTORNEY OF RECORD

JAN -7 2020

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

EGS

UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF PENNSYLVANIA  5:20-cv-112

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 3701 Timberlane Drive, Easton, PA 18045-5748

Address of Defendant: 101 W. Prospect Avenue, Cleveland, OH 44115

Place of Accident, Incident or Transaction: 3701 Timberlane Drive, Easton, PA 18045-5748

---

**RELATED CASE, IF ANY:**

Case Number _____  Judge _____  Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/06/2020       *Attorney-at-Law / Pro Se Plaintiff*       60984
                                                                 *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a ✓ in one category only)

**A.  Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify)*

**B.  Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)* _____
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☑ All other Diversity Cases
   *(Please specify)*  Property Damage Products Liability

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Kenneth T. Levine, counsel of record or pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

☐ Relief other than monetary damages is sought

DATE: 01/06/2020       *Attorney-at-Law / Pro Se Plaintiff*       JAN -7 2020
                                                                 60984
                                                                 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

EGS 

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Scott and Andrea Mains,

v.

The Sherman-Williams Company, doing business as, The Thompson's Company.

CIVIL ACTION

NO. 20 1127

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus - Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2 ( )

(d) Asbestos - Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management - Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management - Cases that do not fall into any one of the other tracks. (x)

| 01/06/2020 | Kenneth T. Levine | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215)383-0081 | (215)383-0082 | klevine@delucalevine.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN -7 2020