**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SCOTT AND ANDREA MAINS,**<br>    **Plaintiffs**<br>**v.**<br>**THE SHERWIN-WILLIAMS COMPANY**,<br>    **Defendant** | **Case No.  5:20-cv-00112-JMG**<br><br>**JURY TRIAL DEMANDED** |

## JOINT RULE 26(f) REPORT

In accordance with Fed. R. Civ. P. 26(f), counsel for the parties conferred on June 22, 2020 and submit the following report of their meeting for the court's consideration:

**I.     Counsel**

      **A.  Lead counsel for Plaintiffs:**        Kenneth T. Levine, Esquire

      **B.  Lead counsel for Defendant:**        C. Tyler Havey, Esquire

      **C.  Counsel who participated in Rule 26(f) conference on behalf of Plaintiffs:**

          Kenneth T. Levine (No. 60984) - klevine@delucalevine.com
          de Luca Levine LLC
          Three Valley Square, Suite 220
          Blue Bell, PA 19422
          (215) 383-0081 / (215) 383-0082 (fax)

      **D.  Counsel who participated in Rule 26(f) conference on behalf of Defendant:**

          Ann Thornton Field (No. 52130) - afield@grsm.com
          C. Tyler Havey (No. 80877) - thavey@grsm.com
          Eric C. Rosenberg (No. 317144) - erosenberg@grsm.com
          Gordon & Rees, LLP
          Three Logan Square
          1717 Arch Street, Suite 610
          Philadelphia, PA 19103
          Phone: (215) 717-4005

## II.     Description of Claims and Defenses

**The Parties should assume that the Court has read the Complaint and is familiar with the claims. However, the facts supporting those claims and defenses are unknown. Therefore, counsel shall summarize the primary facts that the parties contend support their claims and defenses and the threshold legal issues. Counsel should not merely parrot their pleadings. In addition, the Parties should attach critical documents to this report for the Court to review, if not attached to the pleadings already (e.g., in a contract case, the document(s) comprising the contract; in a personal injury case, photographs of the scene, etc.).**

<u>Plaintiff:</u>   Plaintiff Scott Mains purchased Defendant's Thompson's WaterSeal Penetrating Timber Oil for personal staining at his home.  On June 8, 2019, Mr. Mains applied the subject stain product to his deck and then he left the application materials still wet with the stain product on his lawn next to the deck.  Later, a fire arose from such materials caused by the self-heating (sometimes referred to as "spontaneous combustion") of the Defendant's product as it dried on the materials used to apply it.  This will be demonstrated by the first-hand accounts of Plaintiffs, and the expert testimony of Plaintiffs' fire cause and origin expert (and confirmed by the local fire official as well).   The fire resulted in extensive damage to Plaintiffs' real and personal property, and Plaintiffs' home is still being rebuilt.

Plaintiffs intend to prove through their experts that in addition to the fact that the fire was caused by the spontaneous combustion of the stain-soaked application materials, that Defendant's product was defective and unreasonably dangerous for all of the following reasons:
- the product when drying self-heats and can ignite combustible materials soaked with the product;
- the container and label had inadequate warnings and instructions to alert Mr. Mains and other users as to this hidden and dangerous characteristic of the product, and how to prevent it.

<u>Defendant:</u>   Defendant The Sherwin-Williams Company ("Sherwin-Williams") denies liability.  Plaintiffs' label-based warning claims are preempted by federal law because the label on the product at issue was adequate and fully compliant with the Federal Hazardous Substances Act and the Hazardous Materials Transportation Act.  Additionally, the fire at issue may have been the result of other causes, including, but not limited to, faulty electrical wiring, malfunctioning electric tools, or careless smoking, or by the careless or negligent disposal of stain applicator rags by Plaintiff Scott Mains, one or more members of the Mains household, or third-parties performing work at the Mains premises.

**III.    Stipulated Facts**

**The Parties must stipulate to facts that are not in dispute. In the interest of judicial economy and avoiding duplicative and/or unnecessary discovery, the Parties are required to identify and sign a stipulation outlining facts which they do not intend to dispute, although they are not required to identify disputed facts at this early stage.**

None at this time. The parties agree to revisit this issue as discovery continues.

**IV.    Jurisdiction**

The Parties must state the basis for this Court's subject matter jurisdiction over the dispute.

Jurisdiction is based on 28 U.S.C §1332(a)(1) as this action involves a controversy between citizens of different states; namely, Plaintiffs being citizens and residents of the Commonwealth of Pennsylvania and Defendant being a corporation organized, existing and headquartered within the State of Ohio.  Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).  Venue is proper in this district based on 28 U.S.C §1391(a) because the events giving rise to this claim occurred within this district, specifically in Northampton County, Pennsylvania.

Defendant does not dispute jurisdiction or venue in this case.

**V.    Insurance Coverage and Deductibles**

**The Parties must disclose any insurance coverage and the cost of the retainer or deductible as required by Rule 26(a)(1)(A).**

<u>Plaintiffs:</u>     Plaintiffs were covered under a policy of homeowner's insurance issued by State Farm Insurance Company.  The claim remains open as the home is still being rebuilt.

<u>Defendant:</u>     Sherwin-Williams is essentially self-insured in an amount sufficient to satisfy any potential recovery by Plaintiffs in connection with this litigation.

**VI.    Dispositive Motions**

**The Parties must identify if either side expects to file a case-dispositive motions, what motion, and approximate timeline for the motion.**

Sherwin-Williams reserves the right to file a Motion for Summary Judgment if the facts ascertained during discovery are not in dispute and warrant judgment in its favor prior to trial as a matter of law.

**VII.    Anticipated Scope of Discovery**

    **A.  Summarize with specificity those issues on which the Parties will need to conduct discovery. Identify categories of information each Party needs in discovery and why.**

- Cause and Origin of the Fire; including third-party fire investigation performed by law enforcement and Plaintiffs' insurer - to establish or negate causation;
- Formulation and composition of Defendant's Product, and its engineering history – for Plaintiff to establish the dangerous and defective condition and characteristics of the product, as well as Defendant's awareness of the product's inherent risks;
- Labeling of Defendant's Product, and its history – for Plaintiff to establish the dangerous and defective condition of the product, as well as Defendant's awareness of the label's inherent limitations;
- Defendant's awareness of similar fire incidents prior to sale of product with such formulation, composition and labeling – for Plaintiff to establish negligence on Defendant's part in selling the product in a dangerous and defective condition;
- Defendant's product liability risk assessment of the product – for Plaintiff to establish negligence on Defendant's part in selling the product in a dangerous and defective condition;
- Plaintiffs' actions prior to the fire, including use, application, and storage of the product; and compliance with warning labels – to establish or negate causation;
- The extent of recoverable property and related damages arising from the fire, as well as the insurance adjustment itself – to establish or negate the amount of recoverable damages.

    **B.  Anticipated number of interrogatories per Party:**     25-30

    **C.  Anticipated number of depositions per Party:**  10 or so fact witnesses, plus experts.

    **D.  To the extent either Party proposes to exceed the presumptive limits in the Federal Rules of Civil Procedure for discovery, explain the basis for that proposal.**

    Not applicable at this time.

    **E.  Do the Parties anticipate the need for any third-party discovery? If so, identify the likely third-parties and the discovery to be sought.**

    Yes, in that the parties will seek to subpoena documentation and deposition testimony from, *inter alia*, first responders, fire investigators, and home remediation specialists retained by Plaintiffs. Sherwin-Williams also intends to secure documents and testimony from Plaintiffs' property insurer regarding the cause and scope of Plaintiffs' property loss and damages.

    **F.  Do the Parties anticipate the need for experts? If so, identify the subjects on which the expert(s) may opine.**

    Yes, relating to the underlying causes of the fire, the product in question, and the damages claimed.

**VIII.   Status of Discovery**

The Parties must summarize the status of discovery to-date. State the parties' agreement on timing, form and scope of informal disclosures. Specifically identify not only the information listed in Rule 26(a)(1), but any additional information the parties agree to disclose informally. If nothing has been done in terms of discovery, the Parties should explain why. Keep in mind that self-executing discovery must not be delayed until the pretrial conference.

The parties have exchanged their Rules 26(a)(1) Initial Disclosures prior to this Rule 16 conference as required by the Court and anticipate serving written discovery requests by shortly after the conference.

**IX.   Proposed Case Management Deadlines**

When completing this section, the Parties should presume that the Court will not bifurcate fact and expert discovery. Therefore, the Parties should propose dates that take that presumption into account.

    **A.**  Deadline to serve initial disclosures under Rule 26(a)(1) (*must be exchanged at least one (1) business day before Rule 16 conference):     June 29, 2020

    **B.**  Deadline to amend pleadings to add claims or Parties (*must be as early as practicable to avoid prejudice or unnecessary delays):     September 1, 2020

    **C.**  Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any):     March 1, 2021

    **D.**  Deadline for rebuttal expert reports (if any):     May 3, 2021

    **E.**  Deadline to complete discovery:     June 4, 2021

    **F.  If any Party seeks more than 120 days for fact discovery, explain why.**

Defendant: Spontaneous combustion cases typically involve significant discovery into a variety of complex issues, including, but not limited to, product composition, usage, disposal, warnings, and fire cause and origin.  Furthermore, as this is a subrogation matter, Sherwin-Williams intends to conduct substantial damages discovery to assess the adjusted loss amount, insurance claim(s) and payment(s), and to investigate any uninsured losses.  These circumstances will require the parties to engage in discovery for several months, and also to retain a variety of experts that make a discovery schedule longer than 120 days appropriate.

    **G.**  Deadline to file motion for summary judgment:     July 2, 2021

    **H.**  Estimated trial ready date:     October 5, 2021

    **I.**  Estimated Number of Days for Trial:      10 days

X.     **Deposition Scheduling**

**The Court expects the Parties to meet and confer as soon as practicable to set aside dates to hold open for depositions before the close of discovery. If the Parties have not already done so, the Court will order the Parties to do so within two weeks of the Rule 16 conference.**

**Have the Parties set aside dates for deposition? ___ Yes _X_ No**
**If yes, what are those dates? _____**
**If no, when do the parties intend to confer, and how many dates do they intend to set aside?**

The parties have not yet set aside dates for deposition for a number of reasons that include the Covid-19 pandemic, because the parties have not yet identified all relevant witnesses or the documents sought by the parties.  The parties intend to set aside depositions dates in September 2020 once written and document discovery enables them to identify the scope of proposed testimony and any third-party witnesses.  The parties anticipate that this case will involve at least ten (10) deposition days.


XI.    **Electronic Discovery**

**Prior to the Rule 16 conference, the Court expects the Parties to have a thorough discussion about electronic discovery, including but not limited to 1) the need for electronically stored information ("ESI"), 2) sources of ESI, 3) the anticipated scope of electronic discovery, 4) the identity of potential custodians, 5) whether search terms will be necessary and, if so, any limitations thereto, 6) the respective burdens of collecting, reviewing, and producing ESI, including any claims for cost-shifting under the Federal Rules of Civil Procedure, and 7) any anticipated problems with electronic discovery. The Parties should summarize their discussion on these issues here. The Court expects counsel who attends the Rule 16 conference to be familiar with and able to discuss any ESI-related issues that might arise.**
**In addition, the Parties should state whether they have agreed to an ESI stipulation. If so, the Parties should submit the stipulation to the Court in advance of the Rule 16 conference. If not, the Parties should identify what issues need to be resolved to finalize the stipulation.**

The parties do not anticipate conducting electronic discovery.  If this changes throughout the course of the litigation, the parties will make every effort to craft a joint ESI stipulation in accordance with the Court's directive.


XII.   **Protective Orders and Confidentiality Agreements**

**The Parties should indicate whether they anticipate the need for a protective order in this case. If so, the Parties must explain what type of information needs protection from disclosure and why such protection is warranted under governing standards. In addition, the Parties are directed to Judge Gallagher's Policies and Procedures concerning Protective Orders and Confidentiality Agreements.**

Pursuant to Judge Gallagher's Policies and Procedures, it is expected that Defendant will be requesting a protective order and/or approval of a confidentiality agreement by motion, arguing that

such order and agreement satisfies the requirements of *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.* and *Pansy v. Borough of Stroudsburg*. Plaintiffs have asked for Defendant to prepare such an agreement.

### XIII. Alternative Dispute Resolution

**A. Have the Parties engaged in any settlement discussions? If so, set forth the status of those negotiations. If not, explain why not.**

No. The breadth of Plaintiffs' damages are as yet not fully finalized as their home is continuing to be rebuilt from the fire.

**B. Have the Parties explored or considered other forms of alternative dispute resolution? If so, summarize those efforts. If not, state the Parties' positions with respect to ADR, as required under Local Rule of Civil Procedure 53.3.**

Not at this time.

**C. Identify the individual who will attend the Rule 16 conference who will have authority to discuss settlement.**

For Plaintiff: Kenneth T. Levine, Esquire
For Defendant: Ann Thornton Field, C. Tyler Havey and Eric Rosenberg (However, Sherwin-Williams is not in a position to resolve this matter without the benefit of discovery or other records that substantiate Plaintiffs' claims.)

### XIV. Consent to Send Case to a Magistrate Judge

**The Parties should indicate whether they consent to have a United States Magistrate Judge conduct any or all proceedings in this case, pursuant to 28 U.S.C. § 636(c). The Magistrate Judge assigned to this Court is Magistrate Judge Timothy R. Rice.**

The parties do not consent to have a Magistrate Judge conduct any or all of the proceedings in this case.

### XV. Policies and Procedures

**Judge Gallagher's Policies and Procedures are available for the Parties to review on the Court's website. By signing below, counsel for each Party and/or each *pro se* Party represents that he or she has reviewed the Judge's Policies and Procedures and acknowledges the requirements contained therein. The Parties and their counsel further acknowledge by signing below that Judge Gallagher will strike pleadings and other submissions that do not comply with his Policies and Procedures.**

Counsel for the parties have reviewed the applicable policies and procedures.

XVI.  Other Matters

The Parties should identify any other issues that have not been addressed above but may require the Court's attention (e.g., anticipated motions, bifurcation, privilege issues, etc.).

**ACKNOWLEDGEMENT OF RULE 26(F) MEETING AND THE ABOVE SUBMISSION TO THE COURT:**

| de Luca Levine LLC | Gordon Rees Scully Mansukhani, LLP |
|---|---|
| **BY:** */s/ Kenneth T. Levine*<br>Kenneth T. Levine (No. 60984)<br>*Attorney for Plaintiffs*<br><br>Three Valley Square, Suite 220<br>Blue Bell, PA 19422<br>Phone:  (215) 383-0081<br>Fax:  (215) 383-0082 (fax)<br>klevine@delucalevine.com<br><br>**Dated:**  June 23, 2020 | **BY:** */s/ C. Tyler Havey*<br>C. Tyler Havey (No. 80877)<br>Ann Thornton Field (No. 52130)<br>Eric C. Rosenberg (No. 317144)<br>Kristen F. Mazzeo (No. 320531)<br>*Attorney for Defendant,*<br>*The Sherwin-Williams Company*<br><br>Three Logan Square<br>1717 Arch Street, Suite 610<br>Philadelphia, PA 19103<br>Phone: (215) 561-2300<br>Fax:  (215) 693-6650<br>thavey@grsm.com<br>afield@grsm.com<br>erosenberg@grsm.com<br>kmazzeo@grsm.com<br><br>**Dated:**  June 23, 2020 |