IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT MAINS, *et al.*, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil No. 5:20-cv-00112-JMG |
| | : | |
| THE SHERWIN-WILLIAMS COMPANY, | : | |
| d/b/a THE THOMPSON'S COMPANY, | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                           **April 7, 2021**

Plaintiffs Scott and Andrea Mains bring this product liability action against Defendant The Sherwin-Williams Company ("Sherwin-Williams"). Presently before the Court are Defendant's motion to enter a confidentiality and protective order, and Plaintiffs' motion to quash a subpoena. While we deny Plaintiffs' motion, we grant Defendant's motion in part and will issue a protective order under Federal Rule of Civil Procedure 26(c).

**I.      BACKGROUND**

This case arises from a fire at Plaintiffs' home. Plaintiffs allege that their home spontaneously combusted after they applied Defendant's WaterSeal product to their deck. Compl. ¶¶ 5–10, ECF No. 1.

Plaintiffs now bring this action on behalf of State Farm Fire and Casualty Insurance ("State Farm"). Under the terms of a Ratification Affidavit, State Farm (as a subrogating insurer) authorized Plaintiffs to pursue claims against Defendant. Aff. ¶ 3, ECF No. 8. Specifically, State Farm "agrees to be bound by all rulings and judgments in this action vis-à-vis the Defendant in this action as if it were a named Plaintiff; consistent therewith, State Farm

waives any right to pursue its subrogation interests outside of this litigation." *Id.* ¶ 2; *see also id.* ¶ 3 ("State Farm authorizes that this action be prosecuted on its behalf in the names of the named Plaintiffs . . . .").

## II.     DISCUSSION

The parties have been unable to resolve two discovery disputes.  First, while the parties agree that a protective order is appropriate in this case, they cannot agree on its terms.  Second, Plaintiffs move to quash a subpoena that Defendant served on State Farm.  We will address the protective order before considering the motion to quash.

### A.     Motion to Enter a Confidentiality and Protective Order

"Rule 26(c) permits a court to enter a protective order to shield a party 'from annoyance, embarrassment, oppression, or undue burden or expense.'" *Midwest Athletics & Sports All. LLC v. Ricoh USA, Inc.*, 332 F.R.D. 159, 160 (E.D. Pa. 2019) (quoting FED. R. CIV. P. 26(c)(1)).  The party requesting the protective order "must demonstrate that 'good cause' exists." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal citations omitted).  The Third Circuit has provided "various factors—which are neither mandatory nor exhaustive—that courts may consider when determining whether good cause exists and, by extension, whether a protective order should issue." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) (internal quotation marks omitted).

Defendant expects to produce "confidential trade secrets and other proprietary information" in discovery.  Def.'s Mot. 2, ECF No. 13-1.  Accordingly, the parties do not dispute that good cause exists; they instead dispute the appropriate scope of the protective order.

Defendant argues that State Farm, as a "nonparty subrogating insurer," is not entitled to access any confidential information produced in the litigation. *Id.* at 7–10.  Plaintiffs contend

that State Farm is properly recognized as a party under Third Circuit precedent and is entitled to review any documents that Defendant might produce. Pls.' Opp'n 8–10, ECF No. 14. The parties also disagree as to whether the protective order should allow for "Attorneys' Eyes Only" designations. *Compare id.* at 11–12, *with* Def.'s Reply 5–6, ECF No. 18.

We agree with Plaintiffs and find that State Farm should not be barred from accessing discoverable materials. We emphasize that we are bound by the Third Circuit's decision in *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958 (3d Cir. 1988). There, pursuant to ratification agreements, the plaintiff sued on behalf of two insurance companies. While the companies were not named parties in the litigation, the Third Circuit treated them as such. It remarked that "the effect of service of the . . . ratification agreements was as if [the companies] had been parties from the beginning of the action." *Id.* at 960. To that end, the Third Circuit characterized the companies as "co-plaintiffs" with the named plaintiff. *Id.* at 965.[1]

Under *United Coal*, State Farm is not, as Sherwin-Williams states, a "stranger to this litigation." Def.'s Mot. 7, ECF No. 13-1. Because State Farm is considered a co-plaintiff, we will not foreclose it from accessing materials produced in discovery.

That being said, we agree with Sherwin-Williams that the protective order should allow for "Attorneys' Eyes Only" designations. "Protective orders that allow for 'attorneys' eyes only'

---

[1] Sherwin-Williams argues that *United Coal* does not apply to the facts of this dispute because the decision primarily dealt with attorney-client privilege issues. That point is well taken, but we do not read the decision as being so limited. Indeed, the Third Circuit plainly noted that the lower court "erred in treating the insurance companies as non-parties." *United Coal*, 839 F.2d at 965; *see Prosperity Realty, Inc. v. Haco-Canon*, 724 F. Supp. 254, 258 (S.D.N.Y. 1989) ("The effect of service of a . . . ratification agreement is the same as if the insurer had been a party from the beginning of the action." (citing *United Coal*, 839 F.2d at 960)); *see also Ronald A. Chisholm Ltd. v. Am. Cold Storage, Inc.*, No. 3:10-cv-57-CRS, 2012 WL 1110468, at *1 (W.D. Ky. Mar. 30, 2012) ("[R]atification nullifies any potential real party in interest concerns, and the action proceeds as if the insurer had been a party thereto since the action's initiation." (citing *United Coal*, 839 F.2d at 959–61)).

designations have been utilized often in circumstances where the requesting party could use the information to the disadvantage of the disclosing party." *Deman Data Sys., LLC v. Schessel*, No. 4:13-mc-00520, 2014 WL 204248, at *4 (M.D. Pa. Jan. 16, 2014). Courts also "utilize 'attorneys' eyes only' protective orders when especially sensitive information is at issue." *Jeddo Coal Co. v. Rio Tinto Procurement (Singapore) PTD Ltd.*, No. 3:16-cv-621, 2019 WL 2612710, at *3 (M.D. Pa. June 26, 2019) (quoting *Westbrook v. Charlie Sciara & Son Produce Co., Inc.*, No. 07-2657, 2008 WL 839745, at *4 (W.D. Tenn. Mar. 27, 2008)). Given the likelihood that Defendant will produce sensitive, proprietary information about its products, we will issue a protective order that allows for "Attorneys' Eyes Only" designations. And as Defendant acknowledges, "Plaintiffs will have an opportunity to challenge" any such designations under the order. Def.'s Reply 5, ECF No. 18.

      **B.**    **Motion to Quash Subpoena**

On a timely motion under Federal Rule of Civil Procedure 45(d)(3)(A)(iv), courts must quash a subpoena that "subjects a person to undue burden." "The serve-and-volley of the federal discovery rules govern the resolution of a motion to quash." *Green v. Cosby*, 314 F.R.D. 164, 169 (E.D. Pa. 2016) (internal quotation marks and citation omitted). "First, the subpoenaing party must demonstrate that its requests fall within the general scope of discovery defined in Rule 26(b)(1)." *Id.*; *see also* FED. R. CIV. P. 26(b)(1) (permitting discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). "If the general scope of discovery encompasses the requests of the subpoenaing party then the burden shifts to the party opposing the subpoena to establish that Rule 45(d)(3) provides a basis to quash the subpoena." *Green*, 314 F.R.D. at 169.

Defendant served a subpoena on State Farm requesting documents relating to Plaintiffs'

house fire.  *See* Subpoena, ECF No. 20-2.  Plaintiffs contest the subpoena on two grounds.  Because State Farm is a party under *United Coal*, the argument goes, it should not be subject to a subpoena under Federal Rule of Civil Procedure 45.  Pls'. Mot. 4, ECF No. 20-1.  In the alternative, Plaintiffs challenge the subpoena as "unduly burdensome, cumulative, and duplicative."  *Id.*  Defendant again counters that State Farm is not a party and must respond to the subpoena accordingly.  Def.'s Opp'n 7–10, ECF No. 22-1.

First, just because State Farm is considered a party under *United Coal* does not mean that we must quash the subpoena.  "[A] subpoena under Rule 45 may be served upon *both party and non-party witnesses*."  *Shore Acres Nursing Home, Inc. v. Cont'l Med. Sys., Inc.*, No. 91-0067, 1991 WL 53664, at *2 (E.D. Pa. Apr. 2, 1991) (emphasis added) (internal citation omitted); *see also* 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2108 (3d ed. 2020) ("Rule 45 does not, on its face, preclude service of a subpoena on a party . . . .").

Second, "[t]he burden of the party opposing the subpoena is particularly heavy to support a motion to quash."  *Green*, 314 F.R.D. at 170 (internal quotation marks and citation omitted).  Where, as here, a party claims that a subpoena creates an undue burden, it "must show a clearly defined and serious injury."  *Malibu Media, LLC v. John Does 1-15*, No. 12-2077, 2012 WL 3089383, at *9 (E.D. Pa. July 30, 2012) (internal quotation marks and citation omitted).  Plaintiffs have not made that showing.  The requested documents are clearly relevant to this case, and Plaintiffs have not explained how production of the documents would be unduly burdensome.  As a result, we will not quash the subpoena.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiffs' motion is **DENIED**, Defendant's motion is

**GRANTED in part**.  Appropriate orders will follow.

                                BY THE COURT:

                                */s/ John M. Gallagher*
                                JOHN M. GALLAGHER
                                United States District Court Judge