

Kenneth T. Levine
*Direct:* 215.383.0224
*Cell:* 215.588.5085
klevine@delucalevine.com

July 29, 2021

**VIA EMAIL:** Chambers_of_Judge_John_Gallagher@paed.uscourts.gov

Hon. John M. Gallagher
504 W. Hamilton Street, Ste. 4701
Allentown, PA 18101

    Re:    MAINS v. THE SHERWIN-WILLIAMS COMPANY
            Civil Docket No.:  5:20-cv-00112-EGS

Dear Judge Gallagher:

    My firm represents Plaintiffs in the above referenced litigation.  I write pursuant to Section C(3) of the Court's Policies and Procedures to request a discovery dispute resolution conference regarding Defendant's failure to adequately respond fully and completely to the discovery propounded by Plaintiffs.

    The above-captioned action arose from property damage that Plaintiffs allege they sustained in a fire occurring due to the spontaneous combustion of material containing wood stain manufactured and distributed by Defendant.

    Defendant failed to provide substantive responses to a majority of the discovery requests.  Despite numerous efforts to bridge the gap through "meet and confers" or email negotiations, certain issues remain unresolved.  The most important omissions on the part of Defendant is a refusal to provide information and materials as to the following:
    a. History of the labeling of the subject product and similar products.*
    b. History of the composition of the subject product.
    c. Any information as to similar spontaneous combustion fire losses and claims alleged to have been caused by the subject product and/or similar products.*
    *By "similar products" Plaintiffs have limited such term to mean specifically other stains manufactured by defendant that contain "drying oils" that also have a spontaneous combustion risk.

    This information and these materials are all within the proper scope of discovery for this case.  Despite efforts to secure such information and materials from Defendant, Defendant has refused.  In its most recent discovery responses, dated July 16, 2021 (attached hereto), and its first production of any documents after a confidentiality order was put in place, Defendant objected to every request and even most terms employed by Plaintiffs – even objecting that the definitions of the terms "you" and "your" were overly broad.

Hon. John Gallagher
Re:  Mains v. Sherwin Williams
July 29, 2021
Page **2** of **2**

**In the end, as the court can see for itself, the only information provided as to the pivotal issues above was limited to the following – Defendant provided two pages showing the composition of the subject product (with blacked out CAS Numbers), and referred Plaintiffs to the Defendant's website for publicly available labels and safety pages. Previously, Defendant had provided a copy of the label at the time of the incident (which Plaintiff already had) and a copy of publicly available safety data sheets.**

Despite the numerous and constant objections, no privilege log was provided.  Most of the responses also merely referred back to Defendant's "General Objections," which constituted the first pages of the responses.

Plaintiffs are entitled to any and all information on composition and labeling of "similar products," as well as similar fire claims because each request is reasonably calculated to lead to the discovery of admissible evidence.  As a result, Plaintiffs are unable to properly prepare their case appropriately and to retrieve sufficient facts that would assist the parties, and their potential experts, in forming opinions on the feasibility and validity of the contentions/arguments being made by the parties.

All of this is to set forth the reasons why Plaintiffs would appreciate a court conference to address this discovery dispute.  As the Court knows, there is already a telephone status conference scheduled for September 7, 2021.  Based on Defendant's failure to provide complete information in its discovery responses, though, Plaintiffs request that the Court schedule a discovery conference in August, or in the alternative, address this discovery issue at the September 7, 2021 telephone status conference.

                                                             **Very truly yours,**

                                                             de LUCA LEVINE LLC

                                                             **KENNETH T. LEVINE**

KTL