UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT AND ANDREA MAINS, | |
| Plaintiffs, | Civil Action No. 5:20-cv-00112-EGS |
| v. | **JURY TRIAL DEMANDED** |
| THE SHERWIN-WILLIAMS COMPANY, doing business as The Thompson's Company, | **(12 JURORS)** |
| Defendant. | |

**THE SHERWIN-WILLIAMS COMPANY'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR SANCTIONS FOR VIOLATION OF THE COURT'S CONFIDENTIALITY AND PROTECTIVE ORDER**

In opposing Sherwin-Williams's motion, Plaintiffs and their counsel concede quite a bit. They recognize the existence and validity of the Court's Confidentiality and Protective Order, their knowledge of that Order prior to January 27, 2022, and their disobedience of the terms of that Order when they filed Sherwin-Williams' highly confidential trade secret formula in the public record. In other words, Plaintiffs and their counsel admit that their disclosure of Sherwin-Williams' formula for the world to see constitutes contempt. Additionally, they acknowledge that Sherwin-Williams is entitled to compensation for the fees and costs incurred in bringing this matter to the Court's attention.

Aware of their precarious position, Plaintiffs and their counsel try, albeit unsuccessfully, to make the case that Sherwin-Williams is making a mountain out of a molehill. For starters, they suggest (at 1-2) that Sherwin-Williams—one of the longest-standing and best-known paint and coatings companies in the world—does not know its own industry. They also argue that Sherwin-Williams has failed to substantiate the magnitude of the harm that results from disclosure of its trade secrets. In their view, this is a "no harm, no foul" situation because, according to Plaintiffs'

counsel and their supposed expert, the composition of Sherwin-Williams' products can just as easily be discerned through reverse engineering, and, in their opinion, Sherwin-Williams has suffered no harmed at all. They are wrong.

Insofar as substantiating its factual assertions, to the extent they are not a matter of public record of which this Court can (and should) take judicial notice pursuant to Fed. R. Evid. 201, Sherwin-Williams is prepared to do so in full. But, as explained in Sherwin-Williams's opening brief, making that showing in the public record risks further public disclosure of sensitive confidential commercial information. Therefore, Sherwin-Williams requested (at n1) that the Court conduct any evidentiary hearing *in camera*—which is particularly appropriate here, where Sherwin-Williams's adversaries have proven themselves repeatedly incapable of honoring their confidentiality obligations.

As for Plaintiffs and their counsel's argument that Sherwin-Williams has suffered no real injury, that argument is based on incompetent evidence. To the extent Plaintiffs' arguments (at 10-12) are based on their counsel's *ipse dixit*, nothing in Mr. Levine's record suggest he is at all familiar with the paint and coatings business and industry. His opinions carry no weight. The opinions of their supposed expert (at 6-8) fare no better. First, despite promising to do so (ECF No. 63-2 at ¶ 2), Plaintiffs neglected to attach any document substantiating Ms. Morningstar's qualifications. Sherwin-Williams's own Google search, however, shows that Ms. Morningstar has been a licensed Professional Engineer for less than five years, and has no apparent background knowledge of or experience in the paint and coatings industry. *See* Ex. A, July 25, 2017 Warren Blog entry, "Congratulations to Jennifer Morningstar on receiving Professional Engineer's License."[1]  In sum, Plaintiffs' counsel and their expert know nothing about the industry on which

---

[1] https://www.warrenforensics.com/2017/07/25/congratulations-to-jennifer-morningstar-on-receiving-professional-engineers-license/ (last consulted on March 14, 2022).

they purport to opine. Their efforts to argue that Sherwin-Williams suffered no harm on that basis should fall on deaf ears.

Ultimately, the only thing Plaintiffs and their counsel have established is that they do not so much regret violating the Protective Order as they regret getting caught. But protective orders are not purely *pro forma*; they "are not suggestions that may be disregarded at counsel's whim or convenience." *Best Med. Int'l, Inc. v. Accuray, Inc.,* No. 2:10-cv-1043, 2010 U.S. Dist. LEXIS 128367, at *3 (W.D. Pa. Dec. 2, 2010) (striking briefing that violated court's directive). Indeed, "[l]awyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won." *Northwestern National Ins. Co. v. Baltes,* 15 F.3d 660, 663 (7th Cir. 1994). As shown in Sherwin-Williams's opening brief, Plaintiffs and their counsel's violation of the Protective Orders is serious, and poses an existential threat to Sherwin-Williams. *See Beam System, Inc. v. Checkpoint Systems, Inc.*, No. 95-4068, 1997 WL 364081 at *2 (C.D. Cal. Feb. 6, 1997). Plaintiffs and their counsel's efforts to downplay the gravity of their contempt underscores the need for serious sanctions here. An appropriate order should follow.

Dated: March 17, 2022

                              Respectfully submitted,

                              GORDON & REES
                              SCULLY MANSUKHANI LLP

        By:      */s/ Eric C. Rosenberg*
                    C. Tyler Havey (No. 80877)
                    Ann Thornton Field (No. 52130)
                    Eric C. Rosenberg (No. 317144)
                    Three Logan Square
                    1717 Arch Street, Suite 610
                    Philadelphia, PA 19103
                    Phone: (215) 717-4005
                    Emails:    afield@grsm.com
                                    thavey@grsm.com
                                    erosenberg@grsm.com

                    *Counsel for Defendant The Sherwin-Williams Company, doing business as The Thompson's Company*

# EXHIBIT "A"



FORENSIC ENGINEERS AND CONSULTANTS

# BLOG

## Congratulations to Jennifer Morningstar on receiving Professional Engineer's License

JULY 25, 2017 10:29 AM

Author Jeffery H. Warren



Warren is thrilled to announce that Jennifer Morningstar passed the Principles and Practice of Chemical Engineering exam and received her South Carolina Professional Engineer's License on July 17, 2017. She has been with Warren since September 2011, in a non-engineering capacity but has rejoined the ranks of engineers as a consultant.

Jennifer has 19 years of industrial experience. Her areas of emphasis include chemical release & exposure, OSHA process safety management, industrial accident investigation, fires & explosions, and scope of damage/cost to repair analyses.



Jennifer Morningstar, P.E.

She has worked in a variety of industries including mineral extraction, pulp & paper, animal harvesting & packaging (including rendering) and grain milling. She worked with both natural gas and coal-fired boilers producing saturated steam and super-heated steam for cogeneration. Other processes in her expertise include air compressors, cooling towers, chillers, multi-stage ammonia-based refrigeration systems, waste water treatment and biogas production.

FIND SIMILAR POSTS:

Post Categories: Warren News & Culture

Post Related Loss Types:

← PREV POST

NEXT POST →

Phone: 803.732.6600    Toll-Free: 888.827.7823    Email: info@warrenforensics.com

© 2022 - The Warren Group
Terms / Privacy