IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT MAINS, *et al.*, | : | |
|     Plaintiffs, | : | |
| | : | |
|     v. | : | Civil No. 5:20-cv-00112-JMG |
| | : | |
| THE SHERWIN-WILLIAMS COMPANY, | : | |
| d/b/a THE THOMPSON'S COMPANY, | : | |
|     Defendant. | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                          **June 28, 2022**

On May 6, 2022, this Court granted Defendant's Motion for Sanctions and directed Defendant to submit "evidence to assess the reasonable fees and costs associated with bringing [the] matter to the Court's attention." (ECF No. 69 at ¶ 2.) Defendant's petition for fees and costs is presently before the Court. (*See* ECF No. 72.) For the following reasons, Defendant is awarded $21,549 in fees.

**I.        BACKGROUND**

On January 7, 2020, Plaintiffs Scott and Andrea Mains sued Defendant The Sherwin-Williams Company ("Sherwin-Williams") for strict liability, negligence, and breach of implied warranty. (ECF No. 36 at ¶¶ 12–42.) During discovery, and in violation of a protective order, Plaintiffs' counsel twice "placed in the public record certain Sherwin-Williams confidential product composition information." (ECF No. 62-1 at 4.) As a result, Defendant informed the Court that it would be moving for sanctions. (ECF No. 57 at 1.) The Court granted the motion in part, held Plaintiffs' counsel in civil contempt, and ordered Defendant to produce evidence of the fees and costs incurred in litigating this issue. (*See* ECF No. 69.)

Defendant now seeks $23,445 in attorney fees. (ECF No. 72 at ¶ 9.) In response, Plaintiffs argue that Defendant requests unreasonable fees for "duplicative work" and "unnecessarily collaborative efforts." (ECF No. 74 at 8.) Plaintiffs do not challenge Defendant's attorneys' billing rates; instead, they challenge the time expended by those attorneys. (*See, e.g.*, *id.* at 8–10.)

Defendant is represented by Ilan Rosenberg, Eric Rosenberg, Ann Thornton Field, and C. Tyler Havey, partners of the law firm Gordon Rees Scully Mansukhani, LLP, as well as Alexander S. Brown, senior counsel from the same firm. (*See* ECF No. 72 at ¶¶ 6–7.) Mr. Brown's billing rate is $280 per hour. (*Id.* at ¶ 8.) Ms. Field and Messrs. Rosenberg and Rosenberg's billing rate is $330 per hour. (*Id.*) Mr. Havey's billing rate is $340 per hour. (*Id.*)

## II.   STANDARD

"Attorneys' fees may be imposed as a civil contempt sanction to compensate the aggrieved party." *In re Linderboard Antitrust Litig.*, MDL No. 1261, 2012 U.S. Dist. LEXIS 99001, at *113 (E.D. Pa. July 16, 2012) (citing *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994)); *see also Halderman by Halderman v. Pennhurst State Sch. & Hosp.*, 49 F.3d 939, 941 (3d Cir. 1995) ("[T]he innocent party is entitled to be made whole for the losses it incurs as the result of the contemnors' violations, including reasonable attorneys' fees and expenses." (citation omitted)).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The reasonable hourly rate is generally calculated based on the prevailing market rates in the community." *CPC Props. v. Dominic, Inc.*, No. 12-4405, 2013 U.S. Dist. LEXIS 25168, at *5 (E.D. Pa. Feb. 25, 2013) (citing *Washington v. Phila. Cnty. Ct. of Common*

*Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996)).

Regarding the number of hours expended, courts must "review the time charged, decide whether the hours set out were reasonably expected for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001) (internal quotation marks and citation omitted). "Where an objecting party has challenged specific types of work and states why it is contended that the hours claimed are excessive, the reviewing court must support its findings with a sufficient articulation of its rationale to allow for meaningful appellate review." *QVC, Inc. v. MJC Am., Ltd.*, No. 08-3830, 2013 U.S. Dist. LEXIS 109803, at *7–8 (E.D. Pa. Aug. 5, 2013) (internal quotation marks and citation omitted).

## III. DISCUSSION

"A party seeking attorney fees bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005) (citation omitted). The Court examines these subjects in turn.

### A. Hourly Rates

As mentioned above, Plaintiffs do not challenge Defendant's attorneys' billing rates. Those hourly rates will therefore be deemed reasonable. *See, e.g.*, *Arneault v. O'Toole*, No. 11-95, 2014 U.S. Dist. LEXIS 53169, at *9–10 (W.D. Pa. Apr. 17, 2014); *Stein v. Foamex Int'l*, No. 00-2356, 2001 U.S. Dist. LEXIS 15915, at *3 (E.D. Pa. Aug. 20, 2001).[1]

---

[1] Even if Plaintiffs had disputed the rates, the Court still would have no trouble in finding them reasonable. "The starting point in determining a reasonable hourly rate is the attorneys' usual billing rate, but this is not dispositive." *Pub. Int. Rsch. Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995). Indeed, the requested rates must "fall within the norm of attorneys in the relevant community." *Adesanya v. Novartis Pharms. Corp.*, No. 2:13-cv-5564, 2017 U.S. Dist.

B. **Hours Expended**

"Having found the requested hourly rates reasonable, this Court must next consider whether the number of hours spent on the litigation are reasonable." *Adesanya*, 2017 U.S. Dist. LEXIS 86220, at *10. The Court's analysis must be "thorough and searching." *Interfaith*, 426 F.3d at 711. "Courts should review the time charged and determine whether the hours listed were reasonably spent on the particular tasks described." *QVC*, 2013 U.S. Dist. LEXIS 109803, at *7 (citing *Maldonado*, 256 F.3d at 184). "Time that should not be billed to a client may not be imposed on an adversary." *Zavodnick*, 2012 U.S. Dist. LEXIS 78868, at *17 (citing *Windall*, 51 F.3d at 1188). "[E]xcessive, redundant, or otherwise unnecessary" fees must also be excluded. *Hensley*, 461 U.S. at 434.

The Court first considers the challenge to time spent on preparing "a separate claim against [Plaintiffs'] counsel and his firm for violating the confidentiality provisions of the protective order." (ECF No. 74 at 9.) Defendant's requested fees include $1,896 for 6.2 hours billed primarily on researching and strategizing a separate lawsuit. Defendant is certainly entitled to recover "the cost of bringing the violation [of the protective order] to the attention of the court." *Robin Woods Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 1994) (internal quotation marks and citation omitted). Fees incurred in exploring a separate cause of action, however, do not fall within that

---

LEXIS 86220, at *6 (D.N.J. June 5, 2017) (citing *Rode*, 892 F.2d at 1183). To perform this analysis, Third Circuit courts often look to the fee schedule established by Community Legal Services, Inc. ("CLS"). *See Zavodnick v. Gordon & Weisberg, P.C.*, No. 10-7125, 2012 U.S. Dist. LEXIS 78868, at *13 (E.D. Pa. June 6, 2012) ("The Third Circuit and this Court have accepted the CLS Fee Schedule in some circumstances . . . when the parties submitted limited evidence regarding fees." (citations omitted)); *see also Rainey v. Phila. Housing Auth.*, 832 F. Supp. 127, 129 (E.D. Pa. 1993).

Here, Defendant's attorneys charged their usual billing rates (*see* ECF No. 72 at ¶¶ 6–8), and those rates comport with the CLS fee schedule. *See* Attorney Fees, CMTY. LEGAL SERVS., https://clsphila.org/about-community-legal-services/attorney-fees/ (last visited June 28, 2022).

scope. *Cf. QVC*, 2013 U.S. Dist. LEXIS 109803, at *12 ("I cannot in good conscience award a fee for work done on a motion that was not filed with the court[] . . . ."). The Court will therefore exclude from Defendant's fee award the following time entries:

| <u>Date</u> | <u>Description</u> | <u>Time</u> | <u>Amount</u> |
|---|---|---|---|
| 1/28/22 | Begin researching potential causes of action against plaintiff and their attorneys for disclosing the confidential materials in their court filing. | 3.30 | $924 |
| 1/28/22 | Meeting and call with T. Havey regarding affirmative claims against K. Levine and Plaintiffs and to discuss form and content of letter request to the court, discussing parallel procedures to sanctions and separate claim for damages against plaintiff firm and carrier, and develop language for claim letter to K. Levine and dispute letter to the court. | 0.80 | $264 |
| 1/31/22 | Review case law sent by P. Hilbert re: theft of trade secrets. | 0.30 | $99 |
| 1/31/22 | Prepare draft letter to Ken Levine memorializing his firm's unlawful disclosure of SW's confidential product formulas, and making demand that he put his liability insurers on notice of a potential claim, per discussion with P. Hilbert. | 1.50 | $510 |
| 2/2/22 | Review K. Levine response email and analysis of reply to same with P. Hilbert. | 0.30 | $99 |
| **<u>Total</u>** | | 6.2 hours | $1,896 |

(ECF No. 72-6 at 11–12; ECF No. 72-7 at 3.)

Plaintiffs also object to the fact that only senior attorneys billed on this matter. "At almost every step along the way," Plaintiffs argue, "Defendant's counsel employed only partner-level attorneys charging partner-level fees." (ECF No. 74 at 8.) "Routine tasks, if performed by senior partners in large firms, should not be billed at their usual rates." *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir. 1983). But even though "[c]ounsel must be sure to properly delegate tasks; the quarterback cannot carry the water bottles." *In re Budeprion XL Mktg. & Sales Litig.*, MDL

No. 2107, 2012 WL 2527021, at *21 (E.D. Pa. July 2, 2012) (citing *Ursic*, 719 F.2d at 677).  Given their familiarity with the case, and the seriousness of Plaintiffs' counsel's violations of the protective order, the Court finds that it was reasonable for senior attorneys to complete the work at issue here.  "An associate would doubtless have needed more time to do similar tasks, even if he or she had capability to do so."  *Downey v. Coal. Against Rape & Abuse, Inc.*, No. 99-3370, 2005 WL 2452769, at *7 (D.N.J. Sept. 30, 2005).

Plaintiffs further object to the amount of time spent by Defendant's attorneys drafting letters and briefs to the Court.  First, Defendant's attorneys spent 2.9 hours in preparing a two-page correspondence dated February 2, 2022:[2]

| <u>Date</u> | <u>Description</u> | <u>Time</u> | <u>Amount</u> |
|---|---|---|---|
| 1/28/22 | Meeting with A. Brown and T. Havey regarding letter to the court as to sanctions and discussing strategy to pursue additional actions against Plaintiff and firm for trade secret disclosure. | 0.40 | $132 |
| 1/31/22 | Review draft letter to K. Levine and to court re: plaintiff's violation of the court's confidentiality order. | 0.60 | $198 |
| 1/31/22 | Complete my revisions to our draft letter to Judge Gallagher requesting emergency conference with the Court due to plaintiffs' unlawful disclosure of SW's confidential information. | 0.60 | $204 |
| 1/31/22 | Conference with Havey and client regarding scope and content of letter to the court including potential strategy for addressing revelation of trade secrets. | 0.70 | $231 |
| 2/2/22 | Review final letters to Judge and K. Levine re: plaintiff's disclosure of confidential information. | 0.30 | $99 |
| 2/2/22 | Finalize draft letter to Judge Gallagher re: sanctions hearing and unlawful disclosure of SW's confidential product formula. | 0.30 | $102 |
| **Total** | | 2.9 hours | $966 |

---

[2]    While other time entries reference the February 2 correspondence, the table includes only those hours spent primarily on preparing that letter.

(ECF No. 72-6 at 12; ECF No. 72-7 at 3.) The Court finds nothing objectionable about the time spent on this task. The 2.9 hours were reasonable. *Cf. Tangible Value, LLC v. Town Sports Int'l Holdings, Inc.*, No. 10-1453, 2014 U.S. Dist. LEXIS 162065, at *29 (D.N.J. Nov. 17, 2014) (permitting recovery of fees for "3.9 hours spent drafting [a] two-page, eight paragraph letter to the Court").

Next, Defendant's attorneys spent 40.5 hours in preparing the eleven-page motion for sanctions that was ultimately filed on February 23, 2022.[3] That work resulted in $13,215 in fees. (ECF No. 72-7 at 4–6.) Plaintiff claims that "a partner level attorney should be expected to complete such a task in at most a full day and a half (or 12 billable hours), not with 5 full-days of work (or 40 hours of billing)." (ECF No. 74 at 8.) This argument is wholly conclusory. "Drafting the motion for sanctions[] represents a heavy undertaking that involved significant legal research and analysis." *Tangible Value*, 2014 U.S. Dist. LEXIS 162065, at *35–36. The Court therefore finds the amount of time spent on the motion for sanctions to be reasonable.

## IV. CONCLUSION

For the foregoing reasons, the Court shall deduct 6.2 hours' worth of work from Defendant's fee award. The remaining hours, representing $21,549 in fees, are reasonable and fairly reflect "the cost of bringing the violation [of the protective order] to the attention of the court." *Robin Woods*, 28 F.3d at 400. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[3]  Indeed, all time entries between February 9 and 23 reflect work on the motion for sanctions.