

**Kenneth T. Levine**
*Direct:* 215.383.0224
*Cell:* 215.588.5085
klevine@delucalevine.com

July 25, 2022

**VIA ECF FILING AND EMAIL:**
Chambers_of_Judge_John_Gallagher@paed.uscourts.gov

Hon. John M. Gallagher
504 W. Hamilton Street, Ste. 4701
Allentown, PA 18101

> **RE:   MAINS v. THE SHERWIN-WILLIAMS COMPANY**
> **Civil Docket No.: 5:20-cv-00112-JMG**

Dear Judge Gallagher:

As the Court is aware, this office represents Plaintiffs in the above-referenced litigation.

In its June 28, 2022 Order [ECF No. 80], this Court lifted the stay on this litigation that it had established on Jan. 12, 2022 [ECF No. 52]. This Court also set a deadline for summary judgment motions of July 28, 2022. Plaintiffs had hoped after the Jan. 12, 2022 stay was lifted to take the Rule 30(b)(6) corporate designee deposition of the Defendant, and then, and more importantly, provide expert reports in support of Plaintiffs' claim based upon the full breadth of discovery.

Plaintiffs' counsel reached out to Defense counsel to seek such a deposition and their agreement to extend the times to permit the exchange of expert reports. As noted in the attached email exchange, Defense counsel did not agree to such a deposition or to join in the request for an extension for such limited purposes – and asked that I provide a copy of the exchange with this communications.

Plaintiffs were never given a reasonable opportunity to depose Defendant's corporate representative, or more importantly to provide expert reports that would have relied upon full and complete discovery (and deposition testimony) provided by Defendant – often a necessity for a fully-supported expert report.

While this claim undoubtedly devolved into a serious dispute after Plaintiff's improper disclosure of confidential material on Jan. 27, 2022, prior to such time this Court had been compelled to address numerous deficiencies by Defendant in its discovery responses. At this point in time, with everything on hold since January, the Court may not recall the long past interactions. In turn, Plaintiffs are compelled to review the relevant timeline:

July 29, 2021: Plaintiffs filed a letter [ECF No. 31] with the Court informally addressing numerous discovery issues, including (1) the history of the labeling; (2) the history of the

composition; and (3) information as to similar spontaneous combustion fire losses. Plaintiffs sought a discovery telephone conference with the Court.[1]

Sept. 9, 2021: Status Conference conducted to discuss discovery issues raised by Plaintiffs.  No issues were resolved at that time, and the court instructed the parties to try and work out the issues, or for Plaintiff to provide additional information and/or file a formal motion to compel.  No new dates for discovery deadlines were discussed.

Sept. 13, 2021: Court issued Second Amended Scheduling Order [ECF No. 37] that only moved the expert report deadline back to Nov. 8, 2021, but fact and expert discovery back to Dec. 30, 2021.

Nov. 18, 2021: Plaintiffs filed a Letter [ECF No. 39] with the Court, addressing the same three outstanding discovery areas, but with an Affidavit [ECF No. 38/43] with extensive information gathered as to Defendant's other stain products with spontaneous combustion hazard.  As Plaintiffs advised the Court, in the interim Plaintiffs' chemist expert had withdrawn advising late as to a conflict of interest.

Dec. 9, 2021:  Status Conference conducted to discuss discovery issues raised by Plaintiffs.

Dec.15, 2021:  Court issues Order denying Plaintiffs' request for discovery as to similar incidents involving similar products.  [ECF No. 46].  The court did not address, however, the other two discovery disputes raised at all: documentation as to creation of labeling and documentation as to creation of product composition and formulation.

Dec. 30, 2021:  Plaintiffs filed a Letter [ECF No. 48] with the Court, noting the numerous unaddressed discovery deficiencies (as to labeling and composition history).

Jan 11, 2022:  Status Conference conducted to discuss remaining discovery issues raised by Plaintiffs.  At the Conference, the Court acknowledged that it had not addressed those issues and asked the parties to meet and confer again and try to work out the remaining issues, and if not for Plaintiffs to file a formal motion to compel.

---

[1]         Each time Plaintiffs approached the Court as to outstanding discovery, as being done now, they did so initially by a brief letter seeking a telephone conference in accord with the Court's Policies and Procedures: "If Court assistance is required, Judge Gallagher prefers that simple disputes be addressed by telephone conferences. Counsel should provide the Court with a brief letter explaining the discovery dispute and requesting a conference. Such letters should be filed on ECF. For complex disputes, if the parties remain unable to resolve the dispute after the reasonable efforts required by Local Civil Rule 26.1(f), the Court will consider a motion to compel under Local Civil Rule 26.1(b)."  Policies And Procedures, Judge John M. Gallagher, , Sect. II.C.2.

Jan 12, 2022:  Court issues Order [ECF No. 50]
      a.  The Court stayed litigation "pending resolution of the ongoing discovery dispute
      described in the parties' letters..."
      b.  The Court scheduled a follow-up status conference for Feb. 24, 2022 "to discuss the
      status of any pending motions to compel, and the Court will set new deadlines for the
      scheduling order in this matter."  The Court advised the parties that "the discovery period
      will be extended only for the purpose of resolving the parties' outstanding discovery
      dispute."  That status conference would not take place due to the events surrounding the
      improper disclosure of confidential information.

Jan. 27, 2022:  Plaintiffs filed Motion to Compel [ECF No. 53/56] formally seeking to compel
      (a) documents as to creation of product's composition and labeling;
      (b) individuals who participated in development of product as to composition and label;
      (c) unredacted list of the product's composition;
      (d) changes to composition and labeling, and documentation of same; and
      (e) computer program used to create label.

      Due to Plaintiffs' accidental inclusion of a confidential document at the end of Exhibit
      "C," all further litigation efforts principally addressed such Exhibit and a motion for
      sanctions.

May 6, 2022:  Court enters Order [ECF No. 69] granting Motion for Sanctions in part, and
      declared, *inter alia*, that "Discovery in this matter concerning issues <u>related to product
      composition</u> is HEREBY CLOSED."

May 6, 2022:  Court enters separate Order [ECF No. 70] that addressed
      (a) Plaintiffs' Motion to Compel, declaring that "because this Court has now closed
      discovery on product composition, … Plaintiffs' Motion (ECF No. 53) is DENIED."  The
      discovery motion had also included requests as to labeling history, though, and not just
      "product composition."  In a footnote the Court alluded to the untimely nature of
      Plaintiff's motion to compel, but Plaintiffs had raised these issues many times, and again
      with the court in mid-November 2021, a month and half before the fact discovery
      deadline ran (and then discussed them with the court at the Dec 9, 2021 conference).
      (b) Court scheduled a conference for May 10, 2022, where the Court expected the parties
      to be "prepared to discuss new deadlines for the scheduling order in this matter."
      Plaintiffs' counsel was scheduled for oral surgery on that date, and asked for a
      postponement to the Court's next available date.  It was postponed but never rescheduled.

June 28, 2022: Court entered Order [ECF No. 79] compelling counsel to pay Defendant's
      attorneys fees based upon the Motion for Sanctions.

June 28, 2022: Court entered separate Order [ECF No. 80] lifting the stay entered Jan 12, 2022,
      and setting certain deadlines for dispositive motions and other trial deadlines.

      Plaintiff writes to the Court now to address its request for clarification of its prior orders,
and to be permitted to produce expert reports in furtherance of its claims as to the defective

nature of the product's label and the defective nature of the product's composition.  Plaintiff was waiting to complete factual discovery before asking its experts to issue binding reports.  Plaintiffs should be permitted to provide expert reports even though such aspect of this litigation schedule has not actually been addressed since Dec. 2021 and Jan. 2022 when the court was addressing Defendant's outstanding discovery.  As of Jan. 11, 2022, at the court's last discovery status conference, the court asked the parties to meet and confer and then - after Plaintiffs filed a formal motion to compel - the court intended to address the substance of the remaining discovery issues.  It also intended to issue an amended discovery schedule, as it explicitly stated on its Jan. 12, 2022 Order [ECF No. 52].

Other issues became the focus of this litigation, and they have been addressed fully and to Plaintiffs' understandable detriment.  That said, no amended discovery schedule was ever issued, and with the litigation stayed and discovery uncertain Plaintiffs were not afforded an opportunity to provide expert reports after Jan. 12, 2022.

Additionally, Plaintiffs also understood the Court's Order of May 6, 2022 [ECF No. 70] to close factual discovery only "concerning issues related to product composition," to imply that factual discovery as to the product's label remained open after the stay was lifted.  While the Court denied Plaintiff's Motion to Compel documents as to creation of the product's labeling; changes to the labeling; and related relevant requests, Plaintiffs expected to be able to still depose a corporate representative of Defendant as to the defective labeling claim.  While Plaintiffs can certainly forego that, the experts had been waiting for information from such a deposition to formulate their reports.

With the May 10, 2022, status conference postponed as a courtesy to Plaintiffs' counsel, but never rescheduled, such issues were never able to be addressed by the Court and the parties.

After receiving the Court's June 28, 2022 Order, Plaintiffs' counsel prompted his experts to generate reports to be distributed as soon as possible.  While Plaintiff's chemical engineer was able to generate a timely report, Plaintiffs' label expert and their fire cause and origin expert have not been able to prepare reports yet, and will need another week or so to complete theirs.

Defendant will argue, as its counsel has in the attached email, that the Court had previously set a deadline for discovery, and for expert reports of Nov. 8, 2021.  It is accurate that the Court set such a deadline, but it did so in its Sept. 14, 2021 "Second Amended Scheduling Order," which also set factual discovery deadline of Dec 30, 2021.  This updated scheduling order was issued after the discovery status conference of Sept. 9, 2021, where numerous disputed discovery issues were discussed, and this Court had expected Plaintiffs to thereafter provide additional information (about the similar incidents/products issue) and to continue to seek to compel the additional relevant discovery that was outstanding.

The new discovery deadline dates were not discussed at the conference and it is unclear if the Court, with all due respect, had any actual expectation as to maintaining such dates <u>because</u> they would have never afforded nearly enough time for
     - the expected motion to compel to be filed, responded to and decided,
     - then for Defendant to supplement its written discovery,

     - then for Plaintiffs to take a corporate designee deposition, and
     - then for any experts to have time to review such further information and generate
proper and supportable reports
(all of which would have had to occur within a period of time of less than 2 months).

     In any event, Plaintiffs lost their chemist expert during such time, but brought the issues back to the Court with requests for relief on November 18, 2021, again seeking to compel the additional extremely relevant discovery from Defendants.  The court conducted a conference as to such issues on Dec. 9, 2021, and issued an Order denying the request for similar product/incident discovery on Dec 15, 2021, but did not address any of the other outstanding discovery issues.  Plaintiffs returned to the Court on Dec. 20, 2021, asking again to address the issues, which the Court acknowledged not addressing at the Jan 11, 2021 conference  - which led to the Jan. 27 Motion to Compel.   In the Court's Jan. 12, 2022, Order it acknowledged that the discovery period would be extended to resolve the parties' outstanding discovery dispute.

     In light of all of the above, Plaintiffs would appreciate a court conference to address the new deadlines in place and Plaintiffs' ability to issue expert reports now that the Court's stay has been lifted.

                       **Respectfully Submitted,**

                       de LUCA LEVINE LLC

                       **KENNETH T. LEVINE**

KTL/sb

cc:    Ann T. Field (AField@Gordonrees.com)
       C. Tyler Havey (THavey@Gordonrees.com)
       Eric C. Rosenberg (ERosenberg@Gordonrees.com)